**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4841**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LARRY JEROME DAVIS, JR., a/k/a Pokey,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00021-NCT-1)

Submitted:  September 22, 2011          Decided:  October 11, 2011

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Adam H. Charnes, Richard D. Dietz, Bradley A. Roehrenbeck, KILPATRICK STOCKTON, LLP, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Jerome Davis, Jr., was found guilty after a jury trial of possession with intent to distribute 11.4 grams of crack cocaine. He received a 292-month sentence. On appeal, Davis argues, as he did below, that the district court should have granted a downward variance based on the disparate treatment under the Sentencing Guidelines of crack and powder cocaine, that he should not have been designated as a career offender, and that his sentence is greater than necessary to comply with 18 U.S.C. § 3553(a) (2006). We affirm Davis's conviction. However, in light of this court's decision in United States v. Simmons, 649 F.3d 237, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc),[1] we vacate the sentence imposed and remand for resentencing.

This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. Procedural reasonableness is determined by reviewing whether the district court properly calculated the defendant's advisory Guidelines range and then considered the 18 U.S.C. § 3553(a) factors, analyzed any

_____

[1] This case was placed in abeyance for Simmons.

2

arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, this court reviews the substantive reasonableness of the sentence, "examining the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010), cert. denied, 131 S. Ct. 3078 (2011).

Davis challenges the district court's designation of him as a career offender on the ground that the court erred in finding that one of his prior North Carolina convictions for possession with intent to sell and deliver cocaine counted as a conviction with a sentence greater than one year for career offender purposes. Section 4B1.1 of the Sentencing Guidelines defines a career offender as a defendant who (1) was at least eighteen years old when he committed the instant offense, (2) is convicted of a felony "that is either a crime of violence or a controlled substance offense," and (3) "has at least two prior felony convictions of either a crime of violence or a controlled

3

substance offense." USSG § 4B1.1(a). This court reviews de novo the district court's classification of Davis as a career offender and reviews for clear error its factual findings. United States v. Farrior, 535 F.3d 210, 223 (4th Cir. 2008).

Davis claims that his 1998 North Carolina conviction of possession with the intent to sell or deliver cocaine did not constitute a predicate felony because he was sentenced to a maximum of twelve months.[2] When Davis raised this argument in the district court, it was foreclosed by this court's decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Subsequently, however, this court overruled Harp with the en banc decision in Simmons, in which this court determined that the evaluation of whether a particular offense was a felony must focus on the maximum sentence for which a particular defendant was eligible, in light of his criminal history, rather than the maximum sentence that could be imposed on a defendant with the worst possible criminal record. Simmons, 2011 WL 3607266 at *6. In light of the decision in Simmons, we conclude that Davis's argument has merit. We therefore vacate the district court's

---

[2] Davis's brief refers to a 1999 conviction; however, the Pre-Sentence Report and district court relied upon 1998 and 2000 convictions. We presume that Davis's argument is based on his 1998 sentence, for which he received a 10-12 month sentence.

sentence and remand the case to the district court for resentencing.[3]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[3] Because we vacate the sentence in its entirety, we do not express an opinion on whether the district court committed a procedural error in declining to grant a downward variance based on the crack to powder cocaine sentencing ratio, nor whether the original sentence was reasonable.

5